DENNIS K. BURKE
United States Attorney
District of Arizona
KIMBERLY E. HOPKINS
Assistant United States Attorney
United States Courthouse
405 W. Congress, Suite 4800
Tucson, Arizona  85701-5040
Telephone: 520-620-7300
kimberly.hopkins@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | NO. CR09-1878 TUC RCC (HCE) |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS FOR FAILURE TO RECORD** |
| Jesus Salcido, | |
| Defendant. | |

Plaintiff, United States of America, by and through its attorneys, Dennis K. Burke, United States Attorney for the District of Arizona, and Kimberly E. Hopkins, Assistant U.S. Attorney, hereby responds to the defendant's motion to suppress his statements for failure to record.

The absence of an audio or video recording of defendant's confession provides no basis for suppression.  Despite recognizing that no federal statute, rule or case law exists which requires that interrogations be electronically recorded, the defendant requests the defendant's statements be suppressed because it was not audio recorded.  Such a decision is precluded by *United States v. Coades*, 549 F.2d 1303, 1305 (9th Cir. 1977).  There, the Ninth Circuit rejected the defendant's request that the court adopt a rule requiring confessions to police be recorded in order to "insure reliability of police reports of oral confessions during

custodial interrogations" because "such a rule" was a matter for consideration by Congress, not the courts. *See Coades*, 549 F.2d at 1305; *see also United States v. Smith-Baltiher*, 424 F.3d 913, 925-926 (9th Cir. 2005) (holding defendant's post-arrest statements to the Immigration and Naturalization Service were admissible, even though the inspector neglected to electronically record the interrogation, and equipment to do so was readily available). The same reasoning still applies.

There is no federal requirement of any sort that law enforcement tape record confessions. Therefore, there is no basis for suppression on the grounds that an audio or video recording does not exist.

## CONCLUSION

For all the foregoing reasons, the government respectfully requests the court deny defendant's motion to suppress.

Respectfully submitted this 21st day of December, 2009.

DENNIS K. BURKE
United States Attorney
District of Arizona

*s/Kimberly E. Hopkins*

Kimberly E. Hopkins
Assistant U.S. Attorney

Copy of the foregoing served electronically
this 21st day of December, 2009, to:

Richard Jones, Esq.